## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

D'AMATO & D'AMATO, P.C.
401 New Road, Suite 103
Linwood, New Jersey 08221
(609) 926-3300
Paul R. D'Amato, PD-7303
Attorney for Plaintiff

---

| | |
|---|---|
| **MICHAEL GARRISON,** : | |
| **Plaintiff,** : | **CIVIL ACTION NO.** |
| : | |
| **vs.** : | *(handwritten)* |
| : | |
| **WILLIAM PORCH, Police Officer,** : | |
| **the CITY OF NORTH** : | |
| **WILDWOOD, and the NORTH** : | **COMPLAINT AND JURY** |
| **WILDWOOD POLICE** : | **DEMAND** |
| **DEPARTMENT,** : | |
| : | |
| **Defendants.** : | |

---

## INTRODUCTION

1.     The Plaintiff, MICHAEL GARRISON, whose address is 3267 Teasdale Street,

Philadelphia, Pennsylvania, 19136, alleges that the Defendants, North Wildwood Police Officer

WILLIAM PORCH, whose address is 8 Loblolly Lane, North Cape May, New Jersey, 08204,

CITY OF NORTH WILDWOOD, whose address is 10th and Atlantic Avenue, North Wildwood,

New Jersey, 08260, and the NORTH WILDWOOD POLICE DEPARTMENT, whose address is

305 East 10th Avenue, P.O. Box 499, North Wildwood, New Jersey, 08260-0499, violated certain

rights of the Plaintiff guaranteed under the United States Constitution by wrongfully, and without

just cause, injuring the Plaintiff by means of restraining him, exerting excessive force against him, and violating his rights guaranteed under the United States Constitution.

## JURISDICTION AND VENUE

2.     This action arises under the Unites States Constitution, particularly under the provisions of the Fifth, Eighth and Fourteenth Amendments to the Unites States Constitution, and under federal law, particularly the Civil Rights Act, Title 42 of The United States Code § 1983, and under the New Jersey Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned constitutional and statutory provisions.

4.     Plaintiff further invokes the supplemental jurisdictions of this court to hear and decide claims arising out of the applicable state law pursuant to 28 U.S.C. § 1367.

5.     Venue lies in the Unites States Federal District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391.

## PARTIES

6.     At all times relevant herein, Plaintiff MICHAEL GARRISON was a citizen of the United States and resident of the State of Pennsylvania.

7.     At all times relevant herein, Defendant WILLIAM PORCH was a duly appointed and acting officer of the Police Department of the Defendant CITY OF NORTH WILDWOOD.

8.     The CITY OF NORTH WILDWOOD is a municipality duly established under the laws of the State of New Jersey.

2

9.     The Plaintiff sues Defendant WILLIAM PORCH in both his individual and official capacity.

## FIRST COUNT

(42 U.S.C. § 1983)

10.    Plaintiff repeats each and every allegation contained in Paragraphs 1 through 9 as if same were more fully set forth at length herein.

11.    On or about March 30, 2002, at approximately 1:53 am, the Plaintiff MICHAEL GARRISON was outside of Keenan's Irish Pub (hereinafter referred to as "Keenan's"), located at 113 Olde New Jersey Avenue, North Wildwood, New Jersey.

12.    On or about March 30, 2002, at approximately 1:53 am, Defendant, Officer WILLIAM PORCH, arrived at Keenan's in an unmarked police patrol car.

13.    The Defendant Officer WILLIAM PORCH was dressed in plain clothes at the time of his arrival at Keenan's.

14.    After exiting his vehicle, Defendant WILLIAM PORCH grabbed Plaintiff MICHAEL GARRISON, pushed him against the wall outside of Keenan's, picked him up and slammed him onto the ground, and put his knee on the back of his neck, holding his body and face down against the ground.

15.    As Defendant WILLIAM PORCH was holding Plaintiff against the ground, Plaintiff began to bleed from his mouth, cried for help, and stated that his neck was broken, that he could not move, and that he had no feeling in his legs.

16.    Defendant WILLIAM PORCH then handcuffed Plaintiff and summoned an

3

ambulance to the scene.

17.     Plaintiff MICHAEL GARRISON was transported by the North Wildwood Rescue Squad to Burdette Tomlin Memorial Hospital, where he was unable to move his lower extremities and was found to have neural deficits.

18.     Plaintiff MICHAEL GARRISON was then transferred to Atlantic City Medical Center, City Division, where X-Rays revealed a possible cervical spine fracture located at C5-C6.

19.     Plaintiff MICHAEL GARRISON was then placed in a halo, intubated and sedated, and airlifted to Thomas Jefferson University Hospital, where he was an inpatient from March 30, 2002 through April 4, 2002.

20.     Plaintiff MICHAEL GARRISON, while at Thomas Jefferson University Hospital, was diagnosed with a C6 body fracture, C6 bilateral laminar fracture, C5 right laminar fracture, and spinal cord edema and intramedullary signal changes from C5 to C7.

21.     Plaintiff MICHAEL GARRISON was then transferred to Magee Rehabilitation Hospital where he was an inpatient from April 4, 2002 through April 26, 2002.

22.     Plaintiff MICHAEL GARRISON received outpatient rehabilitation therapy at Magee Riverfront Outpatient Physical Therapy from April 29, 2002 through September 5, 2002.

23.     The use of excessive force on the Plaintiff MICHAEL GARRISON by Defendant WILLIAM PORCH was entirely unjustified and constituted an unreasonable and excessive use of force.

24.     Defendant WILLIAM PORCH, in his individual capacity and in his official capacity deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

4

25.     Defendant WILLIAM PORCH, in his individual capacity and in his official

capacity deprived the Plaintiff MICHAEL GARRISON of the following rights under the United

States Constitution:

   a)     Freedom from the use of excessive and unreasonable force.

   b)     Freedom from deprivation of liberty without due process of law

   c)     Freedom from invasion of bodily security and privacy.

   d)     Freedom from an unreasonable physical seizure.

   e)     Freedom from summary punishment.

   f)     Equal protection of the laws.

26.     As a direct and proximate result of the aforesaid, Plaintiff MICHAEL

GARRISON suffered severe injuries, both temporary and permanent, which required medical

treatment and will require further medical treatment in the future, was forced to endure great pain

and suffering, was incapacitated from pursuing usual activities, has permanent disabilities, and

was deprived of his constitutional and statutory rights guaranteed by the Constitution of the

United States and 41 U.S.C. § 1983.

27.     The acts, conduct, and behavior of Defendant WILLIAM PORCH were performed

knowingly, intentionally, and maliciously, by reason of which Plaintiff MICHAEL GARRISON

is entitled to an award of punitive damages.

        WHEREFORE, Plaintiff MICHAEL GARRISON demands judgment against Defendant

WILLIAM PORCH, for compensatory damages, punitive damages, interest, attorney's fees and

costs of suit, and such other relief as the court deems necessary.

## SECOND COUNT

(42 U.S.C. § 1983)

28.     Plaintiff repeats each and every allegation contained in Paragraphs 1 through 27 as if same were more fully set forth at length herein.

29.     Defendants CITY OF NORTH WILDWOOD and NORTH WILDWOOD POLICE DEPARTMENT, deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

30.     Defendants CITY OF NORTH WILDWOOD and NORTH WILDWOOD POLICE DEPARTMENT, deprived the Plaintiff MICHAEL GARRISON of the following rights under the United States Constitution:

a)      Freedom from the use of excessive and unreasonable force.

b)      Freedom from deprivation of liberty without due process of law

c)      Freedom from invasion of bodily security and privacy.

d)      Freedom from an unreasonable physical seizure.

e)      Freedom from summary punishment.

f)      Equal protection of the laws.

31.     As a direct and proximate result of the aforesaid, Plaintiff MICHAEL GARRISON suffered severe injuries, both temporary and permanent, which required medical treatment and will require further medical treatment in the future, was forced to endure great pain and suffering, was incapacitated from pursuing usual activities, has permanent disabilities, and was deprived of his constitutional and statutory rights guaranteed by the Constitution of the United States and 41 U.S.C. § 1983.

32.     The acts, conduct, and behavior of Defendants CITY OF NORTH WILDWOOD and NORTH WILDWOOD POLICE DEPARTMENT were performed knowingly, intentionally, and maliciously, by reason of which Plaintiff MICHAEL GARRISON is entitled to an award of punitive damages.

WHEREFORE, Plaintiff MICHAEL GARRISON demands judgment against Defendants CITY OF NORTH WILDWOOD and NORTH WILDWOOD POLICE DEPARTMENT, for compensatory damages, punitive damages, interest, attorney's fees and costs of suit, and such other relief as the court deems necessary.

## THIRD COUNT

### (Negligent Training)

33.     Plaintiff repeats each and every allegation contained in Paragraphs 1 through 32 as if same were more fully set forth at length herein.

34.     At all times relevant to this complaint, Defendants CITY OF NORTH WILDWOOD and the NORTH WILDWOOD POLICE DEPARTMENT were the employers of Defendant WILLIAM PORCH and responsible for the actions taken by him while in the course of his employment.

35.     At all times relevant herein, Defendants CITY OF NORTH WILDWOOD and NORTH WILDWOOD POLICE DEPARTMENT did not provide sufficient training to Defendant WILLIAM PORCH relative to the Constitutional rights of those subject to arrest or the fair treatment of those subject to arrest.

36.     At all times relevant herein, Defendants CITY OF NORTH WILDWOOD and

7

NORTH WILDWOOD POLICE DEPARTMENT did not sufficiently supervise Defendant WILLIAM PORCH.

37.     At all times relevant herein, Defendants CITY OF NORTH WILDWOOD and NORTH WILDWOOD POLICE DEPARTMENT breached their duty of care to Plaintiff by negligently training, supervising, and retaining Defendant WILLIAM PORCH.

38.     As a direct, foreseeable, and proximate result of Defendants' CITY OF NORTH WILDWOOD and NORTH WILDWOOD POLICE DEPARTMENT intentional and negligent acts, Plaintiff suffered severe injuries, both temporary and permanent, which required medical treatment and will require further medical treatment in the future, was forced to endure great pain and suffering, was incapacitated from pursuing usual activities, has permanent disabilities, and was deprived of his constitutional and statutory rights guaranteed by the Constitution of the United States and 41 U.S.C. § 1983.

WHEREFORE, Plaintiff MICHAEL GARRISON demands judgment against Defendants CITY OF NORTH WILDWOOD and NORTH WILDWOOD POLICE DEPARTMENT, for compensatory damages, punitive damages, interest, attorney's fees and costs of suit, and such other relief as the court deems necessary.


## FOURTH COUNT

(Intentional Infliction of Emotional Distress)

39.     Plaintiff repeats each and every allegation as contained in Paragraphs 1 through 38 as if same were more fully set forth at length herein.

40.     On March 30, 2002, Defendant WILLIAM PORCH intentionally violated

8

Plaintiff's Constitutional rights.

41. On March 30, 2002, Defendant WILLIAM PORCH intentionally used excessive force against Plaintiff, knowing that he would be injured.

42. On March 30, 2002, Defendant WILLIAM PORCH pinned Plaintiff to the ground with his knee and continued to pin Plaintiff to the ground after Plaintiff cried for help and declared that he was in pain, that his neck was broken, and that he could not move or feel his legs.

43. The conduct of Defendant WILLIAM PORCH was outrageous and reckless, resulted in serious bodily injury to Plaintiff and constituted an excessive use of force against Plaintiff.

44. The use of excessive force against Plaintiff by Defendant WILLIAM PORCH constituted an intentional infliction of emotional distress.

45. At all times relevant herein, Defendants CITY OF NORTH WILDWOOD and NORTH WILDWOOD POLICE DEPARTMENT were the employers of Defendant WILLIAM PORCH and were responsible for the actions taken by him while in the course of his employment.

46. As a direct, foreseeable, and proximate cause of Defendants' WILLIAM PORCH, CITY OF NORTH WILDWOOD and NORTH WILDWOOD POLICE DEPARTMENT, intentional acts, Plaintiff suffered severe physical injuries and severe emotional distress.

47. The act, conduct, and behavior of Defendants WILLIAM PORCH, CITY OF NORTH WILDWOOD and NORTH WILDWOOD POLICE DEPARTMENT were performed knowingly, intentionally, and maliciously, by reason of which Plaintiff is entitled to an award of

9

punitive damages.

WHEREFORE, Plaintiff MICHAEL GARRISON demands judgment against Defendants
WILLIAM PORCH, CITY OF NORTH WILDWOOD and NORTH WILDWOOD POLICE
DEPARTMENT, for compensatory damages, punitive damages, interest, attorney's fees and
costs of suit, and such other relief as the court deems necessary.

## FIFTH COUNT

(Negligent Infliction of Emotional Distress)

48.     Plaintiff repeats each and every allegation as contained in the Paragraphs 1
through 47 as if same were more fully set forth at length herein.

49.     The conduct of Defendants WILLIAM PORCH, CITY OF NORTH
WILDWOOD, and NORTH WILDWOOD POLICE DEPARTMENT was extreme and
outrageous and resulted in the negligent infliction of emotional distress upon Plaintiff.

50.     As a direct and proximate result of Defendants' WILLIAM PORCH, CITY OF
NORTH WILDWOOD, and NORTH WILDWOOD POLICE DEPARTMENT intentional and
negligent acts, Plaintiff continues to suffer from severe mental anguish and emotional distress.

WHEREFORE, Plaintiff MICHAEL GARRISON demands judgment against Defendants
WILLIAM PORCH, CITY OF NORTH WILDWOOD and NORTH WILDWOOD POLICE
DEPARTMENT, for compensatory damages, punitive damages, interest, attorney's fees and
costs of suit, and such other relief as the court deems necessary.

## SIXTH COUNT

### (Common Law Negligence)

51.     Plaintiff repeats each and every allegation as contained in the Paragraphs 1
through 50 as if same were more fully set forth at length herein.

52.     At all times relevant herein, Defendants WILLIAM PORCH, CITY OF NORTH
WILDWOOD, and NORTH WILDWOOD POLICE DEPARTMENT owed a duty of care to
Plaintiff.

53.     Defendant WILLIAM PORCH breached his duty of care to Plaintiff by using
excessive force against him.

54.     Defendants CITY OF NORTH WILDWOOD and NORTH WILDWOOD
POLICE DEPARTMENT breached their duty of care to Plaintiff by negligently training,
supervising and retaining Defendant WILLIAM PORCH.

55.     As a result of Defendants' breach of duty, Plaintiff sustained severe and
permanent physical injuries and severe emotional distress.

WHEREFORE, Plaintiff MICHAEL GARRISON demands judgment against Defendants
WILLIAM PORCH, CITY OF NORTH WILDWOOD and NORTH WILDWOOD POLICE
DEPARTMENT, for compensatory damages, punitive damages, interest, attorney's fees and
costs of suit, and such other relief as the court deems necessary.

## SEVENTH COUNT

### (Assault and Battery)

56.     Plaintiff repeats each and every allegation as contained in the Paragraphs 1

11

through 55 as if same were more fully set forth at length herein.

57.     On March 30, 2002 Defendant WILLIAM PORCH committed an assault and battery upon the person of Plaintiff.

58.     As a direct and proximate result of Defendant WILLIAM PORCH assaulting and battering Plaintiff, plaintiff sustained serious physical injuries and severe emotional distress.

59.     At all times relevant herein, Defendants CITY OF NORTH WILDWOOD and NORTH WILDWOOD POLICE DEPARTMENT were the employers of Defendant WILLIAM PORCH and were responsible for his actions taken while in the course of his employment.

WHEREFORE, Plaintiff MICHAEL GARRISON demands judgment against Defendants WILLIAM PORCH, CITY OF NORTH WILDWOOD and NORTH WILDWOOD POLICE DEPARTMENT, for compensatory damages, punitive damages, interest, attorney's fees and costs of suit, and such other relief as the court deems necessary.


## JURY DEMAND

Plaintiff hereby demands a jury trial.

## CERTIFICATION

Paul R. D'Amato, Esquire, of full age, certifies:

1.    I am a member of the firm of D'AMATO & D'AMATO, P.C., and am entrusted with the preparation and trial of this case.

2.    This case is not subject to any other court action, arbitration, or arbitration proceeding.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

D'AMATO & D'AMATO, P.C.

BY: _____
PAUL R. D'AMATO, ESQUIRE
Attorney for Plaintiffs

DATED:  March 3, 2004