UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

MICHAEL GARRISON,              :    Civ. Action No. 04-1114 (NLH)
                               :
        Plaintiff,             :
                               :
     v.                        :    **OPINION**
                               :
WILLIAM PORCH, et al.,         :
                               :
        Defendants.            :

**APPEARANCES:**

Paul Richard D'Amato, Esquire
D'Amato Law Firm
401 New Road
Suite 103
Linwood, NJ 08221

    *Attorneys for Plaintiff*

Joseph M. Scott, Esquire
Barker & Scott, PC
Linwood Greene
210 New Road
Suite 12
Linwood, NJ 08221

    *Attorney for Defendant William Porch*

**HILLMAN**, District Judge

    This matter has come before the Court on plaintiff's motion for reconsideration of the Court's February 16, 2007 Opinion and Order granting summary judgment in defendant's favor on plaintiff's unreasonable search and seizure and excessive force claims brought pursuant to 42 U.S.C. § 1983.  Defendant has opposed plaintiff's motion, arguing that it is untimely filed, and, consequently, cannot be considered.  Defendant also argues that even if plaintiff's motion is considered, plaintiff has not

articulated a proper basis for reconsideration.

Local Rule 7.1(i) governs a party's request for a court to reconsider its decision. It provides, in relevant part, "A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion."

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id.

In the Court's February 17, 2007 Opinion, defendant's motion for summary judgment was granted under the principles announced in Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, if a favorable judgment on a § 1983 damages claim would "necessarily imply the invalidity" of the plaintiff's conviction or sentence,

2

the claim must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Heck, 512 U.S. at 486-87.  This Court found that in plaintiff's case, because his convictions and the events giving rise to plaintiff's excessive force claim were inextricably intertwined, and because plaintiff pleaded guilty to assault, an offense for which self-defense is a defense, a judgment in favor of plaintiff on his excessive force claim would have undermined his conviction.  Accordingly, the Court barred plaintiff's § 1983 claim for excessive force claim.[1]

Plaintiff filed his motion for reconsideration on October 3, 2007.  In his motion, plaintiff urges the Court to reconsider its decision based on three cases: Wallace v. Kato, 127 S. Ct. 1091 (2007); McCann v. Neilsen, 466 F.3d 619 (7th Cir.  2006); Dyer v. Lee, 488 F.3d 876 (11th Cir. 2007).[2]

Defendant opposes plaintiff's motion, arguing that not only was it filed 219 days late, but none of the cases cited by plaintiff demonstrate controlling decisions that the Court overlooked, show an intervening change in the law, or show a need

---

[1] The Court also found that plaintiff's unreasonable search and seizure claims would invalidate his underlying convictions. (See Opinion at 8-11.)  Plaintiff does not appear to be challenging that decision.

[2] Plaintiff submitted a slip copy of Dyer without accompanying argument to the court by letter dated October 9, 2007, subsequent to the filing of his motion.

to correct a clear error of law or fact or to prevent manifest injustice.

Defendant is correct. As a primary matter, a district court may deny a motion for reconsideration simply because it was filed beyond the 10 days provided by Rule 7.1(i). U.S. ex rel. Malloy v. Telephonics Corp., 68 Fed. Appx. 270, 274 n.6 (3d Cir. 2003) (affirming district court, which denied motion for reconsideration on the basis that the plaintiff waited seven months to file it); XL Specialty Ins. Co. v. Westmoreland Coal Co., 2006 WL 2241517, *2 (D.N.J. Aug. 4, 2006)(citing T.H. and K.H. v. Clinton Twp. Bd. of Education, 2006 WL 1722600 (D.N.J. 2006); Morris v. Siemens Components, Inc., 938 F. Supp. 277, 278 (D.N.J. 1996))(denying motion for reconsideration, stating that because defendant filed its motion 11 business days after the court's judgment, and because defendant failed to offer an explanation regarding why it failed to file its motion in a timely fashion, or make any request for an extension of time to file the motion beyond the ten-day limitation period set by the local rules, this alone was sufficient to deny defendant's motion).

Here, as defendant points out, plaintiff filed his motion almost eight months after the issuance of the Court's Opinion. Plaintiff does not explain why he waited that long to file his motion, especially considering that the two cases cited by

4

plaintiff that were issued after the Opinion--the Supreme Court's decision in Wallace V. Kato and the Eleventh Circuit's decision in Dryer v. Lee--were, respectively, filed a week after and four months after this Court's Opinion. It appears that instead of filing a motion for reconsideration, plaintiff filed an appeal to the Third Circuit on March 26, 2007, but that appeal was dismissed on May 1, 2007, presumably because it was premature due to defendant's counterclaim, which remains unresolved. (See Docket Nos. 54 & 56.) Plaintiff has not provided the Court with any basis to consider his untimely motion.[3]

Even if the Court were to consider the motion substantively, plaintiff has not provided a valid basis for the Court to reconsider its decision. The Supreme Court case, Wallace v. Kato, 127 S. Ct. 1091 (2007), concerns when the statute of limitations runs on a prisoner's § 1983 claim. The Court addressed Heck v. Humphry solely in the context of the time to bring a § 1983 claim, see Wallace, 127 S. Ct. at 1097-98, an issue which is not implicated here. Thus, the Wallace case

---

[3] Even though plaintiff does not explicitly acknowledge that he filed his motion out-of-time, he asks the Court to "voluntarily reconsider" its Opinion. Plaintiff cites Bryant v. N.J. Dept. of Transportation, 998 F. Supp. 438 (D.N.J. 1998), a case where Judge Orlofsky *sua sponte* reconsidered his decision. Judge Orlofsky reconsidered his decision without the confines of Rule 7.1(i) because a recent United States Supreme Court decision cast doubt upon the original decision. Bryant, 998 F. Supp. at 440 (reconsidering the previous decision pursuant to Fed. R. Civ. P. 59(e)). That situation is not present here.

5

cannot be considered an intervening change in law that this Court must consider.  The other two cases cited by plaintiff, McCann and Dyer are similarly unavailing, primarily[4] because they are factually dissimilar, and are therefore not comparable to the case here.

We start with the argument advanced by the plaintiff that McCann stands for the proposition that not all § 1983 plaintiffs who acknowledge some criminal liability are barred from bringing a civil rights case based on excessive force.  As discussed in our previous Opinion, this Court recognizes that a § 1983 plaintiff is not automatically barred from bringing an excessive force claim when that plaintiff has pleaded or has been found guilty of resisting arrest or indeed any other crime.  We noted that the Third Circuit has allowed certain § 1983 plaintiffs to proceed with their excessive force claims even though the plaintiffs had been convicted of resisting arrest.  See, e.g., Nelson v. Jashurek, 109 F.3d 142, 145 (3d Cir. 1997) (cited in Opinion at 12-13).

As the Dyer court explains, the inquiry does not turn on the name of the crime the plaintiff was convicted of but rather

---

[4]McCann v. Neilsen, 466 F.3d 619 (7th Cir. 2006) was available to plaintiff at the time he opposed defendant's summary judgment motion, and that case is not binding on this Court. Dyer v. Lee, 488 F.3d 876 (11th Cir. 2007), although not decided until after this Court's Opinion, is also not binding.

requires a careful review of the elements of the admitted offense juxtaposed with the plaintiff's factual allegations to determine if a verdict in plaintiff's favor would, in the words of Heck, "necessarily imply the invalidity of [the] conviction". Dyer, 488 F.3d at 879 (quoting Heck, 512 U.S. at 487).

In McCann, the court held that at the motion to dismiss stage, Heck did not bar plaintiff's § 1983 claim of excessive force because the plaintiff, who pleaded guilty to aggravated assault on an officer, made allegations that could be construed not to deny his "his assaultive and obstructive conduct," but to allege "that regardless of what he may have done, the deputy's use of deadly force as a response was not reasonable." McCann, 466 F.3d at 622-23.[5]  McCann does not alter the result in this case.

First, plaintiff here not only pleaded guilty to resisting arrest, he also pleaded guilty to assault.  As discussed in the prior opinion, because plaintiff pleaded guilty to assault on the defendant police officer, and self-defense is a defense to that offense, a judgment in plaintiff's favor on his excessive force claim would have undermined his conviction for assault.

Second, unlike the plaintiff in McCann who did not deny his

---

[5] We note that this issue was decided here at the summary judgment stage, which applies a different standard than a motion to dismiss.

7

assaultive and obstructive conduct, plaintiff here claims to be a passive victim of defendant's excessive force.  The essence of plaintiff's factual claim is that he was simply urinating on the wall when defendant grabbed him from behind and pushed him to the ground.  Plaintiff also claims that he does not recall resisting arrest. (Opinion at 3.)  These claims are inconsistent with pleading guilty to resisting arrest and assault, and, thus, plaintiff's own claims in his civil suit, and a verdict in his favor, would factually and legally "necessarily" undermine the validity of his criminal convictions.

Dyer is similarly unavailing.  Dyer, like McCann, involved allegations of excessive force occurring after the plaintiff had been placed in lawful custody for resisting arrest.  While the plaintiff pleaded guilty to resisting arrest under Florida law, the court let stand her excessive force claim relying on allegations of excessive force long after the lawful arrest occurred.  Dyer, 488 F.3d at 882-84 (§ 1983 claim against arresting officer for excessive force does not necessarily negate an element of the underlying charge of resisting arrest with violence where alleged acts of excessive force extend beyond unlawful conduct of plaintiff).

Here, plaintiff alleges an unprovoked assault and denies any recollection of resisting arrest.  In the words of Dyer, such proofs by "logical necessity" negate the elements of the assault and resisting arrest charges he has previously admitted.  Heck,

8

and its progeny in this circuit, bar such a claim under § 1983.[6]

A motion for reconsideration is "an extraordinary remedy to be granted sparingly." P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001). Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and such challenges should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

Because plaintiff filed his motion eight months late, and because he has not shown that controlling decisions were overlooked, or there was an intervening change in the law, or that there is a need to correct a clear error of law or fact or to prevent manifest injustice, plaintiff's motion must be denied.

An appropriate Order will be entered.

Dated: April 11, 2008                    s/ Noel L. Hillman

At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

---

[6] We acknowledge that Dyer, in what is fairly characterized as dicta, appears to reject the concept that Heck bars a plaintiff from asserting an affirmative § 1983 claim that approximates an affirmative defense available but not asserted in the underlying criminal case. Dyer, 488 F.3d at 779 (noting that defendants argue that Heck bars a successful § 1983 suit establishing an affirmative defense to the underlying offense). Such a holding, if a holding it be, is inconsistent with the law in this circuit. See Jennings v. Fetterman, 197 Fed. Appx. 162, 164 (3d Cir. 2006)(successful suit would have contradicted jury rejection of self-defense).